# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN DOE, <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | Case No. 25-cv-5041 |

## COMPLAINT

Plaintiff[1], ▇▇▇▇ ▇▇▇▇ ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against the entities identified on Schedule A hereto (collectively, "Defendants"). In support thereof, Plaintiff states as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the claim in this action is brought under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores

---

[1] Plaintiff's name, and all other information regarding Plaintiff's identity, copyrights, and the names of the Defendants, are being temporarily withheld to prevent Defendants from obtaining advance notice of this action and Plaintiff's accompanying ex parte Motion for Entry of Temporary Restraining Order and transferring funds out of the accounts that Plaintiff seeks to retrain. Plaintiff will file a sealed unredacted version of this complaint concurrently with this redacted version and intends to proceed as John Doe only until the time Plaintiff has been able to formally serve the Defendants and provided notice of motion for the Preliminary Injunction following expiration of the Temporary Restraining Order.

operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"), as well as the shipment of products offered for sale on those Defendant Internet Stores. Specifically, Defendants manufacture, list for sale, sell, and/or ship products to Illinois residents using unauthorized and unlicensed versions of Plaintiff's Paw Print Copyright (defined below) from product listings which also infringe Plaintiff's Marketing Materials (defined below). Defendants have committed and have knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. Plaintiff designs, manufactures, and sells high-quality pottery and artwork, such as the "Paw Print Ocean Shoreline" mug depicting one of Plaintiff's copyrights (Reg No. ▉▉▉▉▉▉▉) (the "Paw Print Copyright") at issue in this case ("Plaintiff's Product"). Plaintiff markets and sells Plaintiff's Product using various copyright protected marketing materials (Reg Nos. ▉▉▉▉▉▉▉ and ▉▉▉▉▉▉▉) (collectively the "Marketing Materials") (with the Paw Print Copyright and Marketing Materials collectively referred to herein as "Plaintiff's Copyrights"). The Certificates of Registration for Plaintiff's Copyrights and examples of the corresponding materials are attached hereto as Exhibit 1. This action has been filed by Plaintiff to combat online sellers selling, or offering for sale, identical or substantially similar products embodying Plaintiff's Copyrights, or substantially similar versions thereof (the "Infringing Products") which are marketed and sold by Defendants with product listings that also feature infringing versions of Plaintiff's Copyrights. Attached as Exhibit 2 are screen-captures showing each of the Defendants' Counterfeit/Infringing Products and the associated store listings for each.

4. The Defendant Internet Stores share unique identifiers establishing a logical relationship between them and reflecting that Defendants' operation arises out of the same

transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation, including changing the names of their stores multiple times, opening new stores, helping their friends open stores, and making subtle changes to their product listings and/or Infringing Products.

5. Plaintiff is forced to file this action to combat Defendants' infringement of its Plaintiff's Copyrights. Plaintiff has been and continues to be irreparably harmed by Defendants' infringement of Plaintiff's Copyrights and, therefore, Plaintiff seeks injunctive relief to halt such infringement and irreparable harm. Plaintiff also seeks monetary relief for the injury it is sustaining.

## THE PARTIES

**Plaintiff ▮▮▮▮ ▮▮▮▮▮▮▮▮**

6. Plaintiff is an individual, d/b/a "▮▮▮▮ ▮▮▮▮▮ ▮ ▮▮▮▮," with an address at ▮▮▮ ▮▮▮▮▮▮ ▮., ▮▮▮▮▮▮, California ▮▮▮▮▮.

7. Plaintiff designs, manufactures, and sells high-quality pottery and artwork, such as Plaintiff's Product. Plaintiff crafts each unit of Plaintiff's Product painstakingly by hand and markets and sells Plaintiff's Product using the Marketing Materials.

8. Since first introducing Plaintiff's Product in 2021, Plaintiff has sold thousands of units of Plaintiff's Product annually, generating Plaintiff an average of $55,000 in annual revenue from sales through Plaintiff's own website (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.com) and Etsy store (etsy.com/shop/▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

9. Plaintiff products (including Plaintiff's Product at issue here) have received over 1,803 positive reviews and have achieved an impressive rating of 4.8 stars (out of 5) on Etsy.

Plaintiff also has over 13,700 followers on Instagram, where Plaintiff often posts about Plaintiff's Product and links to Plaintiff's website.

10. Plaintiff has never assigned or licensed Plaintiff's Copyrights to any of the Defendants in this matter.

11. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and publicly display Plaintiff's Copyrights.

**The Defendants**

12. Defendants are individuals and business entities who reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business or assist in business conducted throughout the United States (including within the State of Illinois and this Judicial District) through the manufacturing, online advertising and offering for sale, importation, and distribution of the Infringing Products, which are also marketed and sold with product listings that feature infringing versions of Plaintiff's Copyrights via various online stores, including, *inter alia*, on DHgate, eBay, and Temu. *See* Exhibit 2.

13. Defendants appear to be an interrelated group of infringers, who create numerous Defendant Internet Stores and design these stores to appear to be selling genuine and/or authorized copies of Plaintiff's Product, while they are actually selling inferior, unauthorized imitations of Plaintiff's Product. The Defendant Internet Stores share unique identifiers, such as the following: common design elements, the same or similar Infringing Products that they offer for sale, similar Infringing Product descriptions, the same or substantially similar shopping cart platforms, the same accepted payment methods, the same check-out methods, the same dearth of contact information, and identically or similarly priced Infringing Products and volume sales discounts. The foregoing

similarities establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. Tactics used by Defendants to conceal their identities and the full scope of their infringing operation make it virtually impossible for Plaintiff to learn the precise scope and the exact interworking of their counterfeit/infringing network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**DEFENDANTS' UNLAWFUL CONDUCT**

14. The success of Plaintiff's Product has resulted in significant infringement of Plaintiff's Copyrights. Consequently, Plaintiff maintains a program which continually investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Plaintiff has identified fully interactive e-commerce stores, including the Defendant Internet Stores, offering for sale and/or selling Infringing Products to consumers in this Judicial District and throughout the United States which are also marketed and sold with product listings that feature infringing versions of Plaintiff's Copyrights. *See* Exhibit 2. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate over $509 billion in annual online sales in 2016 alone. *See* Exhibit 3, Report concerning "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans dated January 24, 2020, at 4. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2018 was over $1.4 billion. *See id.* at 8.

15. E-commerce retail platforms such as those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing

counterfeiters/infringers to routinely use false or inaccurate names and addresses when registering with these e-commerce platforms. *See* Ex. 3 at 22 (finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and stating that "[s]ignificantly enhanced vetting of third-party sellers" is necessary).

16. Online sellers engaged in counterfeiting and related infringements hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts. *See* Exhibit 3 at p. 22. While Amazon has recently taken steps to attempt to address these shortcomings, the foregoing deficiencies largely remain.

17. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores aliases identified Schedule A attached hereto, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars and, on information and belief, having sold the Infringing Products to residents of Illinois using product listings that also feature infringing versions of Plaintiff's Copyrights.

18. Defendants employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing Defendant Internet Stores so that they appear to unknowing consumers to be online retailers, outlet stores, or wholesalers authorized by Plaintiff to use Plaintiff's Copyrights and sell Plaintiff's Product. Defendant Internet Stores appear sophisticated and accept payment in U.S. dollars via credit cards, Amazon Pay, Western Union, and/or PayPal. Defendant Internet Stores use of product listings that feature infringing versions of Plaintiff's Copyrights also make it very difficult for consumers to distinguish such stores from retailers actually authorized to sell products using Plaintiff's

Copyrights. Plaintiff has not licensed or authorized Defendants to copy, distribute, or publicly display any of Plaintiff's Copyrights, and none of the Defendants are authorized to do so.

19. On information and belief, Defendants have engaged in fraudulent conduct when registering the Defendant Internet Stores by providing false, misleading, and/or incomplete information to e-commerce platforms, including at least DHgate, eBay, and Temu. On information and belief, certain Defendants have anonymously registered and maintained aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

20. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling the Infringing Products on e-commerce platforms such as Alibaba, Aliexpress, Amazon, DHgate, eBay, Temu, and Walmart. Such seller alias registration patterns are one of many common tactics used by Defendants to conceal their identities and the full scope and interworking of their operations, and to avoid being shut down or held accountable for their infringement.

21. Groups of counterfeiters and infringers such as Defendants here are typically in communication with each other. They regularly participate in QQ.com chat rooms, and also communicate through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com, where they discuss tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

22. Groups such as Defendants commonly operate under multiple seller aliases and payment accounts so that they can continue operation in spite of enforcement efforts. Analysis of financial account transaction logs from previous similar cases indicates that off-shore sellers similar to Defendants regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court. Here, on information and belief, Defendants

maintain off-shore bank accounts and regularly move funds from their financial accounts that are associated with the activity complained of herein to such off-shore accounts based outside of the jurisdiction of this Court. On information and belief, Defendants undertake such activity in an attempt to avoid payment of any monetary judgment awarded based on their infringement of intellectual property rights.

23. Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrights is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 *et seq*.)

24. Plaintiff re-alleges and incorporates by reference herein the allegations set forth in Paragraphs 1 through 23 above.

25. Plaintiff's Copyrights constitute creative, original works of authorship, fixed in a tangible medium of expression, and protectable under U.S. copyright law. *See* 17 U.S.C. § 102.

26. Plaintiff is the owner of valid and enforceable copyrights in Plaintiff's Copyrights.

27. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for Plaintiff's Copyrights and has obtained valid copyright registrations for Plaintiff's Copyrights.

28. Defendants do not have any ownership interest in Plaintiff's Copyrights.

29. Defendants had access to the Plaintiff's Copyrights via the internet.

30. Without authorization from Plaintiff, or any right under the law, Defendants have, *inter alia*, willfully copied, reproduced, publicly displayed, and distributed, either copies and/or variations of Plaintiff's Copyrights in connection with their operation of the Defendant Internet Stores and the sale of the Infringing Products, which embody designs that are identical to and/or substantially similar to Plaintiff's Copyrights and which are sold using product listings that also feature infringing versions of Plaintiff's Copyrights.

31. Defendants have, therefore, individually, as well as jointly and severally, infringed and continue to infringe Plaintiff's Copyrights in violation of 17 U.S.C. § 501(a). *See also* 17 U.S.C. §§ 106(1), (3), (5).

32. Defendants reap the benefits of their unauthorized reproduction, public display, and distribution, of Plaintiff's Copyrights through their receipt of substantial revenue, including substantial profit, driven by sales of their Infringing Products.

33. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Infringing Products that capture the total concept and feel of Plaintiff's Copyrights.

34. On information and belief, Defendants' infringement has been willful, intentional, malicious, and purposeful, and in disregard of, and with indifference to, Plaintiff's rights.

35. Defendants, by their actions, have caused financial injury to Plaintiff in an amount to be determined at trial.

36. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff irreparable injury that cannot fully be compensated for or measured monetarily. Plaintiff has no adequate remedy at law for such injury.

37. In light of the foregoing, Plaintiff seeks: (i) Plaintiff seeks temporary, preliminary, and permanent injunctive relief prohibiting further infringement of Plaintiff's Copyrights by Defendants pursuant to 17 U.S.C. § 502; and (ii) monetary relief in the form of statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c)(2) and 505, or, in the alternative, actual damages pursuant to 17 U.S.C. § 504(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and entry of an Order directing as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from reproducing, publicly displaying, and distributing, Plaintiff's Copyrights and all colorable imitations thereof, and in assisting third-parties in such activity, pursuant to 17 U.S.C. § 502;

2) That Defendants destroy all copies of Plaintiff's Copyrights and all colorable imitations thereof made by, or made under the control of, Defendants;

3) That Plaintiff be awarded statutory damages based on Defendants' willful copyright infringement, pursuant to 17 U.S.C. § 504(c)(2), in an amount of $150,000 per infringed work;

4) That Plaintiff be awarded its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

5) Alternatively, should the Court not award Plaintiff statutory damages, that Defendants pay to Plaintiff all actual damages sustained by Plaintiff as a result of Defendants' infringement, said amount to be determined at trial; and that Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' infringement of Plaintiff's Copyrights as complained of herein, to the extent not already accounted for in the above-referenced assessment of actual damages;

6) That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues triable as of right to a jury. Fed. R. Civ. P. 38(b).

Dated: May 7, 2025

Respectfully submitted,

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
brandon@saperlaw.com
ds@saperlaw.com
Attorneys for Plaintiff