IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA MORETTINI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>　　　　Defendants. | Case No. 25-cv-5041<br><br>Judge Lindsay C. Jenkins |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff, Amanda Morettini ("Plaintiff"), filed a Motion for Entry of a Preliminary Injunction (the "Motion") against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Amended Complaint and attached hereto (collectively, "Defendants") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered May 21, 2025, Docket No. 30 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering shipping to the United States, including Illinois, and having sold products that embody or use

infringing copies of Plaintiff's federally registered copyrights (the "Plaintiff's Copyrights") to residents of Illinois, from product listings which also use infringing copies of Plaintiff's Copyrights. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that embody or use infringing copies of the Plaintiff's Copyrights. *See* Docket No. 18, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its infringing goods to customers in Illinois that embody or use infringing copies of the Plaintiff's Copyrights, from listings which also infringe Plaintiff's Copyrights.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff owns valid copyrights in the Plaintiff's Copyrights, (2) the products sold by the Defendants embody or use infringing copies of the Plaintiff's Copyrights and are sold using listings which also infringe Plaintiff's Copyrights, and (3) Defendants have had access to Plaintiff's Copyrights.

Furthermore, Defendants' continued and unauthorized use of the Plaintiff's Copyrights irreparably harms Plaintiff through diminished goodwill and damage to Plaintiff's reputation, loss

of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Plaintiff's Copyrights or any reproductions, copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyrights;

    b. reproducing, publicly displaying, distributing, or otherwise further infringing the Plaintiff's Copyrights; and

    c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's Copyrights, or any reproductions, copies, or colorable imitations thereof.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts that is traceable to the proceeds of sales of products using the Plaintiff's Copyrights (the "Restrained Amount").

3. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the

        Defendants' Online Marketplaces, including, without limitation, any of the Third Party Providers, including online marketplace platforms such as DHgate, eBay, LianLian, Payoneer, PayPal, Stripe, and Temu, shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, DHgate, eBay, LianLian, Payoneer, PayPal, Stripe, and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.   Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of

such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Plaintiff's Copyrights.

5. Any Third Party Providers, including DHgate, eBay, LianLian, Payoneer, PayPal, Stripe, and Temu, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and the e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets up to the Restrained Amount detailed in Paragraph 2 until further order by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Amended Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "deshano and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Pleading(s), including Exhibit 2 to Plaintiff's redacted Complaint, unredacted Complaint, and Amended Complaint (Docket Nos. 3, 6-2, and 18), Schedule A to the

redacted Complaint, unredacted Complaint, and Amended Complaint (Docket Nos. 4, 6-4, and 19), Template Schedule A (Docket No. 22), Exhibit 3 to the Declaration of Amanda Morettini (Docket No. 10-3), and the TRO (Docket No. 30) are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The $25,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Lindsay C. Jenkins
United States District Judge

Dated: June 5, 2025
Etner: 25-cv-5041

# Schedule A

| No. | Marketplace | Defendant Name | Merchant ID | Product ID | Copyrights Used |
|---|---|---|---|---|---|
| 1 | DHgate | deshano | 21631187 | 1037543672 | VA0002430423 |
| 2 | DHgate | xiaodanta | 21631214 | 1034632622 | VA0002430423 |
| 3 | DHgate | home0888 | 22007774 | 1029494287 | VA0002430423 |
| 4 | eBay | abbl-56-Store | abbl56 | 375646312848 | VA0002430423 |
| 5 | eBay | anthje_20 | anthje20 | 286156842084 | VA0002430423 |
| 6 | eBay | davishe6550 | davishe6550 | 387469405261 | VA0002430423 |
| 7 | eBay | eiident | eiident | 405301045369 | VA0002426003 VA0002430423 |
| 8 | eBay | farisyanur1203 | farisyanur1203 | 315749313347 | VA0002430423 |
| 9 | eBay | fathul889 | fathul889 | 405225194842 | VA0002430423 |
| 10 | eBay | frankcara-64 | frankcara64 | 387383645204 | VA0002430423 |
| 11 | eBay | hsdyeg | hsdyeg | 176584214756 | VA0002430423 |
| 12 | eBay | jasrobe | jasrobe | 196794752575 | VA0002430423 |
| 13 | eBay | jujimg | jujimg | 166990283303 | VA0002430423 |
| 14 | eBay | kederine | kederine | 405240941538 | VA0002430423 |
| 15 | eBay | lysalysakat | lysalysakat | 387399619881 | VA0002430423 |
| 16 | eBay | muhamma323 | muhamma323 | 356279023111 | VA0002430423 |
| 17 | eBay | niknurfai49 | niknurfai49 | 167022487479 | VA0002430423 |
| 18 | eBay | redmanon | redmanon | 387628848126 | VA0002426003 VA0002430423 |
| 19 | eBay | sabipo67 | sabipo67 | 365120411627 | VA0002430423 |
| 20 | eBay | sumaisarah90 | sumaisarah90 | 235829019006 | VA0002430423 |
| 21 | Other | jojowendy.com (jojowendy) | jojowendy | paw-print-ocean-shoreline-mug | VA0002426003 VA0002430423 |
| 22 | Other | topinin.com (topinin) | topinin | ocean-shoreline-mug | VA0002426003 VA0002430423 |
| 23 | Other | touchoftrending.com (touchoftrending) | touchoftrending | paw-print-ocean-shoreline-mug | VA0002426003 VA0002430423 |
| 24 | Temu | QiFengMaoYi | 634418213866714 | 601099683936645 | VA0002426003 VA0002430423 |
| 25 | Temu | Chosen Son HYY | 634418217010170 | 601099664799420 | VA0002430423 |